UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BRANDON DAVIS,

Plaintiff,

v.

M. PORTILLO, et al.,

Defendants.

Case No.: 1:22-cv-00457 AWI-BAK (HBK) (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

(Doc. No. 13)

Plaintiff Christopher Brandon Davis is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I.      INTRODUCTION

On May 10, 2022, Plaintiff filed a motion to appoint counsel, stating he is unable to afford counsel and has requested leave to proceed *in forma pauperis*.[1] (Doc. No. 13.) Plaintiff contends "imprisonment will greatly limit his ability to litigate" and that the "issues involved in this case are complex and will require significant research and investigation." (*Id*. at 1.) Further, Plaintiff states a trial "will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and call/cross examine multiple witnesses." (*Id*. at 1-2.) Plaintiff states the action involves multiple defendants and "spans several months in time, which includes outside investigative services from outside agencies." (*Id*. at 2.) Finally, Plaintiff states that despite his

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* on April 20, 2022. (Doc. No. 9.)

1   "repeated efforts to obtain a lawyer," he has received only one response to his written inquiries.

2   (*Id*.) Plaintiff appended as an exhibit to his motion a letter from the American Civil Liberties

3   Union Foundation Northern California, indicating it was unable to offer him legal assistance or

4   presentation. (*Id*. at 3-4.)

5   **II.      DISCUSSION**

6   Plaintiff does not have a constitutional right to appointed counsel in § 1983 actions. *Rand*

7   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

8   *banc*, 154 F.2d 952 (9th Cir. 1998). Additionally, the Court cannot require an attorney to

9   represent a party under 28 U.S.C. § 1915(e)(1).  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296,

10  304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary

11  assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

12  Given that the Court has no reasonable method of securing and compensating counsel, the

13  Court will seek volunteer counsel only in extraordinary cases. In determining whether

14  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16  complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &

17  citations omitted).

18  In the present case, the Court does not find the required exceptional circumstances.

19  Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining

20  whether to request counsel."  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20,

21  2010).  Even if it is assumed that Plaintiff is not well versed in the law and has made serious

22  allegations that, if proven, would entitle him to relief, Plaintiff's case is not extraordinary. The

23  Court is faced with similar cases almost daily.  Although plaintiff is proceeding *pro se* and is

24  incarcerated, he faces the same obstacles all *pro se* prisoners face.  Challenges conducting

25  discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and

26  cannot form the basis for appointment of counsel.  *Courtney v. Kandel*, 2020 WL 1432991, at *1

27  (E.D. Cal. Mar. 24, 2020).  In addition, at this stage in the proceedings, the Court cannot

28  determine whether Plaintiff is likely to succeed on the merits; and, based on a review of the

record in this case, the Court is unable to find that Plaintiff cannot adequately articulate his

claims.

### III.    CONCLUSION AND ORDER

Should this case progress and Plaintiff's circumstances change so that he is able to

demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at

that time.

Accordingly, it is hereby **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 13) is DENIED, without

prejudice.


Dated:     June 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3