1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER BRANDON DAVIS,              Case No.: 1:22-cv-00457 ADA-CDB (PC)

12                  Plaintiff,               **ORDER DENYING PLAINTIFF'S MOTION
                                             FOR APPOINTMENT OF COUNSEL**
13           v.
                                             (Doc. 26)
14   M. PORTILLO, et al.,

15                  Defendants.

16

17         Plaintiff Christopher Brandon Davis is proceeding *pro se* and *in forma pauperis* in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983.

19         **I.      INTRODUCTION**

20         Plaintiff filed a second motion for the appointment of counsel on August 2, 2023. (Doc.

21   26.) He asserts the following as the bases for his request: (1) the previously assigned magistrate

22   judge denied his earlier motion without prejudice;[1] (2) the Court has ordered this action proceed

23   on claims arising under the First, Eighth and Fourteenth Amendments; (3) Plaintiff is unable to

24   afford counsel and is proceeding *in forma pauperis*; (4) his imprisonment greatly impacts his

25   ability to litigate, the issues are complex and will require significant research and investigation;

26   (5) a trial would involve conflicting testimony and counsel would be better able to present

27   —————————————

28   [1] Magistrate Judge Helena Barch-Kuchta denied Plaintiff's earlier request in an order issued June 15, 2022.
     (Doc. 15.)

1    evidence and call and cross-examine witnesses; (6) the case involves multiple defendants, spans

2    several months in time, and involves investigation by outside agencies; and (7) Plaintiff has made

3    repeated efforts to obtain legal assistance without success. (Doc. 26.)

4    **II.   DISCUSSION**

5       As Plaintiff has been previously advised (Doc. 15 p. 2), plaintiffs do not have a

6    constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d

7    1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).

8    Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See*

9    *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional

10    circumstances," the Court may request the voluntary assistance of counsel pursuant to section

11    1915(e)(1). *Rand*, 113 F.3d at 1525.

12       Given that the Court has no reasonable method of securing and compensating counsel, the

13    Court will seek volunteer counsel only in extraordinary cases. In determining whether

14    "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15    the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16    complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &

17    citations omitted).

18    **A.  Analysis**

19       The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims.

20    *Rand*, 113 F.3d at 1525. Here, while Plaintiff's first amended complaint was screened as required

21    by 28 U.S.C. § 1915A(a) (*see* Doc. 19) and service of process of Defendants Brown, Molina and

22    Portillo is ongoing, it is premature to determine whether there is a likelihood of success on the

23    merits. *See, e.g.*, *Porter v. Rivas*, No. 1:22-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1

24    (E.D. Cal. July 26, 2023) (premature to determine likelihood of success on the merits where

25    complaint was screened and service is ongoing) (citing *Scally v. Velasquez*, No. 22-CV-140 JLS

26    (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022)). A likelihood of success on the

27    merits determination is not the same as that required at screening; at screening, the Court is tasked

28    with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or

1    claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to

2    consider factual allegations to be true for purposes of screening.

3            The Court must also evaluate Plaintiff's ability to articulate his claims *pro se* in light of

4    the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds

5    Plaintiff able to articulate his claims in light of their complexity. More specifically, the Court

6    found Plaintiff plausibly alleged First Amendment retaliation claims against Defendant Portillo

7    and Defendant Brown, an Eighth Amendment excessive force claim against Defendant Portillo,

8    an Eighth Amendment failure to protect claim against Defendant Molina, and a due process

9    clause violation against Defendant Brown. (*See* Doc. 19 at 5-20.) *LaMere v. Risley*, 827 F.2d 622,

10    626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where

11    pleadings demonstrated petitioner had "a good understanding of the issues and the ability to

12    present forcefully and coherently his contentions").

13            Further, the claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir.

14    1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues

15    in this case "so complex that due process violations will occur absent the presence of counsel");

16    *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358,

17    at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not

18    complex"); *see also Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3

19    (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force,

20    discrimination, and denial of due process at a disciplinary hearing—are not complex"); *Headley v*

21    *Fisher*, No. 06 Civ. 6331 (PAC) (KNF), 2008 WL 2676601, at *2 (July 7, 2008) ("the factual

22    issues concerning Headley's retaliation and due process claims is straightforward and not

23    complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla.

24    Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be

25    required to do legal research since the court is familiar with the law on claims of excessive force

26    and failure to protect").

27    //

28    //

3

### Prior Motion Denied Without Prejudice

On June 15, 2022, the previously assigned magistrate judge denied Plaintiff's earlier motion for the appointment of counsel. (Doc. 15.) In the order, Plaintiff was advised the Court found no exceptional circumstances existed warranting the appointment of counsel. (*Id*.) This Court notes Plaintiff's earlier motion includes many of the same arguments as those asserted in the instant motion. Nevertheless, this Court has considered them anew.

### Inability to Afford Counsel

Concerning Plaintiff's inability to afford to hire counsel, that circumstance does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) ("Neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case").

### Imprisonment

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a

4

civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). *See also Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face").

### Conflicting Testimony & Examination of Witnesses at Trial

Plaintiff is further advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

### Multiple Defendants/Span of Time

An action involving multiple defendants and/or conduct spanning a period of time are not unusual or exceptional circumstances in a prisoner civil rights action. Prisoner complaints often

involve multiple defendants and assert allegations involving conduct spanning months or even years. Normal challenges faced by pro se litigants do not warrant appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *see also Dickerson v. Adams*, No. 1:17-CV-121 (LJA-TQL), 2017 WL 11518001, *1 (M.D. Geo. Aug. 9, 2017) (multiple defendants, credibility issues and plaintiff's limited mobility are not exceptional circumstances warranting the appointment of counsel); *Brittain v. Clemons*, No. 4:09CV-P123-M, 2010 WL 1257700, at *2 (W.D. Ky. Mar. 26, 2010) (incarceration, inability to afford counsel and suit involving multiple defendants are not exceptional circumstances warranting the appointment of counsel).

### Unsuccessful Efforts to Obtain Counsel

While the Court appreciates Plaintiff's efforts to secure counsel, his inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel. *Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider).

### III.    CONCLUSION AND ORDER

In sum, as explained above, the Court finds that exceptional circumstances do not exist warranting the appointment of counsel in this action. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (Doc. 26) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 3, 2023**

_____
UNITED STATES MAGISTRATE JUDGE