UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>M. PORTILLO, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00457 ADA-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE A RESPONSIVE PLEADING**<br><br>(Doc. 30) |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Following screening of Plaintiff's first amended complaint, the Court ordered this action to proceed only on the following claims: (1) First Amendment retaliation claims against Defendant Portillo (claims one & four) and Defendant Brown (claim three); (2) an Eighth Amendment excessive force claim against Defendant Portillo (claim two); (3) an Eighth Amendment failure to protect claim against Defendant Molina (claim one); and (4) a due process clause violation against Defendant Brown (claim three). (Docs. 22 [findings and recommendations] & 23 [order adopting].)

On July 5, 2023, the Court issued its Order Finding Service of Complaint Appropriate, directing the United States Marshal to serve Defendants Brown, Molina, and Portillo. (Doc. 24.)

On September 13, 2023, Defendants filed waivers of service of process, indicating an answer or motion under Rule 12 was to be served within 60 days of August 14, 2023. (Doc. 29.)

On October 13, 2023, Defendants filed an Ex Parte Application for Extension of Time to Respond to the Complaint and the Declaration of David E. Kuchinsky. (Doc. 30.)

**II.   DISCUSSION**

Defendants seeks a 28-day extension of time, through November 10, 2023, within which to file a responsive pleading. (Doc. 30.) Defense counsel declares an extension of time is necessary to further investigate Plaintiff's claims. (*Id*., at ¶ 3.) Counsel states Plaintiff's complaint spans numerous allegations over more than six months and occurring more than two and a half years ago. (*Id*.) He further states the Defendants do not have an "independent recollection of many of the details of the date in question" and therefore "documentation in Plaintiff's file, including housing, grievance, and disciplinary histories, must be reviewed in order to answer Plaintiff's detailed allegation about the incidents in early 2021." (*Id*.) Defense counsel declares he received the necessary documents on October 9, 2023, and began his review immediately. (*Id*., at ¶ 4.) However, the records total nearly 5,000 pages and are "not easily or efficiently searchable." (*Id*.) Counsel declares he needs an additional 28 days within which to complete his review, analyze the claims and to draft the appropriate responsive pleading. (*Id*., at ¶¶ 4-5.) Finally, counsel declares this is Defendants' first request for an extension of time, and that the request is not made for any purpose of harassment or undue delay. (*Id*., at ¶ 6.)

While the Court finds good cause exists to grant the requested extension, it notes that Defendants' request was filed on the last day available to respond to the complaint (October 13, 2023), notwithstanding that counsel received 5,000 pages of documents on October 9, 2023, making the need for an extension of time reasonably apparent very shortly thereafter. In any future requests of the Court seeking similar extensions, counsel shall adhere to Local Rule 144(d), requiring parties to request extensions "as soon as the need for an extension becomes apparent" and notes that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

//

### III. CONCLUSION AND ORDER

Accordingly, good cause appearing, Defendants' request for a 28-day extension of time (Doc. 30) is **GRANTED**. Defendants **SHALL** file a responsive pleading no later than November 10, 2023.

IT IS SO ORDERED.

Dated:   **October 20, 2023**

UNITED STATES MAGISTRATE JUDGE