UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. PORTILLO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00457-NODJ-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO EXTEND DISCOVERY AND SCHEDULING ORDER DEADLINES**<br><br>(Doc. 39) |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

### I.    INTRODUCTION

On December 22, 2023, the Court issued its Discovery and Scheduling Order. (Doc. 38.)

On February 21, 2024, Plaintiff filed a Motion for Extension of Time. (Doc. 39.) Plaintiff asks this Court to extend the deadlines provided for in the Discovery and Scheduling Order by thirty days. (*Id*. at 3.) He states he intends to file "a couple motions … along with" the instant request and that extending the deadlines will allow the Court "extra time to rule" on those motions.[1] (*Id*. at 1.) Further, Plaintiff states he "has very limited resources to properly research the matters of this case." (*Id*. at 3.)

//

---

[1] As of this date, no other motions have been filed on the docket for this action.

Although the time for filing an opposition or statement of non-opposition to Plaintiff's motion has not passed, the Court finds one to be unnecessary.

## II.     DISCUSSION

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Here, liberally construing Plaintiff's request, the Court finds good cause to extend the deadlines set forth in the Discovery and Scheduling Order issued December 22, 2023. Plaintiff's request seeks to extend the relevant deadlines by thirty days and infers he is engaged in discovery, and states he intends to file unspecified motions and has limited available resources that make the need for additional time necessary.

Plaintiff is cautioned that any future request to extend a discovery deadline should specifically set forth the need for any extension, including the efforts made to comply with the deadline as then set. The Court will not grant future requests that are vague or conclusory or that do not establish good cause.

## III.    CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for an extension of time (Doc. 39) is **GRANTED**;
2. The Discovery and Scheduling Order is **MODIFIED** as follows:
    a. The deadline to amend pleadings is extended from March 22, 2024 to **April 22, 2024**;

      b.  The deadline for filing an exhaustion motion is extended from April 22, 2024 to **May 22, 2024**;

      c.  The deadline for the completion of discovery is extended from August 22, 2024 to **September 23, 2024**; and

      d.  The dispositive motion filing deadline is extended from October 31, 2024 to **December 2, 2024**.

IT IS SO ORDERED.

Dated:   **February 22, 2024**                 /s/ 
                                                   UNITED STATES MAGISTRATE JUDGE