UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. PORTILLO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00457-KES-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR AN INVESTIGATOR**<br><br>(Doc. 41)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 42) |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.   INTRODUCTION**

On February 28, 2024, Plaintiff filed a document titled "Motion for the Request for an Investigator." (Doc. 41.) That same date, Plaintiff filed his third motion for the appointment of counsel. (Doc. 42.)

**II.   DISCUSSION**

*Request for an Investigator*

Plaintiff states he makes his request for an investigator "on the off chance this Court refuses [his] request for counsel." (Doc. 41.) He maintains this action "is geographically very complex, especially for a pro-per prisoner who has been transferred from the prison of origin."

(*Id.*) Plaintiff contends that circumstances made depositions, interviews, and statements "very difficult, near impossible." (*Id.*) Plaintiff contends he "has no means of locating any of the inmates" or prison officials without the help of an investigator or an attorney. (*Id.* at 2.) Plaintiff "conceeds [sic] that he can depose the Defendants in writing" but asserts the Defendants are represented by counsel and "the attorneys answer the tough questions making" depositions "a very unfair procedure." (*Id.*) Plaintiff argues the inability to locate inmates "who have went home or been transferred making it impossible for [him] to receive a fair trial" without assistance. (*Id.*) Citing to out-of-circuit legal authority, Plaintiff argues the Court "must in all fairness appoint an Investigator … so that he has the ability to both locate and take statements from both witnesses and Defendants." (*Id.* at 3.) Plaintiff asks the Court to appoint an investigator "for the purpose of deposing the Defendants and to help find and question the many inmate witnesses who have either been transferred or moved." (*Id.* at 4.)

Section 1915 of Title 28 of the United States Code authorizes federal courts to permit commencement of a suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. *See* 28 U.S.C. § 1915(a) & (b). However, section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying witness fees or other costs. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder*, 890 F.2d at 211.

The *in forma pauperis* statute does not authorize the expenditure of public funds for investigators. *See* 28 U.S.C. § 1915; *see also Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) ("[T]here is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis"); *Davood v. Jimmanz*, No. 1:21-cv-013940-SAB (PC), 2021 WL 6051735, at *1 (E.D. Cal. Dec. 21, 2021) (same); *Khademi v. South Placer Co. Jail*, No. 2:21-cv-1498 KJM DB P, at *1 (E.D. Cal. Oct. 18, 2021) (same); *Gaines v. Harbert*, No. 07cv1320-J(CAB), 2009 WL 1481327, at *1 (S.D. Cal. May 27, 2009) (denying pro se prisoner's motion for appointment of investigator as section 1915 does not require federal courts to pay expert fees or

2

other costs).

In sum, Plaintiff is not entitled to the appointment an investigator.

### *Motion for the Appointment of Counsel*

In his third request for the appointment of counsel, Plaintiff contends this case is "very complex" and "requires the disposition of the Defendants, also the interviews and dispositions of other inmates and prison officials in various different prisons." (Doc. 42 at 1.) Plaintiff contends he "has already established this case has merit." (*Id*. at 2, 3.) He asserts that because the Defendants refused to participate in an early settlement conference, "we are going to have to depose and interview all the Defendants in this case." (*Id*.) Plaintiff states he does not have the "physical ability to either depose or interview any of the Defendants or witnesses." (*Id*.) He maintains the appointment of counsel is "the only way for all the facts to be presented before the judge" and it is his "belief he meets the extraordinary circumstances it takes for an attorney" to be appointed. (*Id*.) Plaintiff asserts this action "requires extensive documentary evidence, [depositions] of prison officials, an access to witnesses we cannot get to …" and documents Plaintiff "is not allowed to have." (*Id*. at 3.) Plaintiff reminds the Court is "a layman of the law" and states he has "suffered an injustice by some very corrupt folks." (*Id*. at 4.)

As Plaintiff has been previously advised (Dos. 15, 27), plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &

3

1  citations omitted).

2  <u>Analysis</u>

3  The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims.
4  *Rand*, 113 F.3d at 1525.

5  As the Court indicated in its second order denying the appointment of counsel (*see* Doc.
6  27), while Plaintiff's first amended complaint was screened as required by 28 U.S.C. § 1915A(a)
7  (*see* Doc. 19) it is premature to determine whether there is a likelihood of success on the merits.
8  A likelihood of success on the merits determination is not the same as that required at screening;
9  at screening, the Court is tasked with determining whether a plaintiff has sufficiently and
10 plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the
11 allegations are not tested, for the Court is to consider factual allegations to be true for purposes of
12 screening. Therefore, despite Plaintiff's assertions that the Court has already determined
13 "this case has merit," he is mistaken. Plaintiff's claims were determined to be cognizable or
14 plausible and no determination has been made as to their merit.

15 Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light
16 of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, as previously found,
17 the Court concludes Plaintiff is able to articulate his claim in light of its complexity. More
18 specifically, the Court found Plaintiff plausibly alleged First Amendment retaliation claims
19 against Defendant Portillo and Defendant Brown, an Eighth Amendment excessive force claim
20 against Defendant Portillo, an Eighth Amendment failure to protect claim against Defendant
21 Molina, and a due process clause violation against Defendant Brown. (*See* Doc. 19 at 5-20.)
22 *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request
23 for appointment of counsel where pleadings demonstrated petitioner had "a good understanding
24 of the issues and the ability to present forcefully and coherently his contentions").

25 Further, despite Plaintiff's assertions to the contrary, the claims are not complex. *Bonin v.*
26 *Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of
27 the law, the Court does not find the issues in this case "so complex that due process violations
28 will occur absent the presence of counsel"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-

4

cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex"); *Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex"); *Headley v Fisher*, No. 06 Civ. 6331 (PAC) (KNF), 2008 WL 2676601, at *2 (July 7, 2008) ("the factual issues concerning Headley's retaliation and due process claims is straightforward and not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect"). Stated another way, Plaintiff's belief that the claims are "very complex" is not the test. Rather, the type of claim or claims asserted are the subject of the Court's consideration of complexity.

To the extent Plaintiff relies upon his indigency and/or incarceration to support his motion, as previously found, that circumstance does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) ("Neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case").

Plaintiff contends depositions and interviews of witnesses are necessary, that he cannot do

5

the depositions or interviews, and that the appointment of an attorney is "the only way for all the facts to be presented." The Court disagrees. Plaintiff is reminded of the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

     Plaintiff contends this action involves multiple prison officials "in various different prisons." But, as Plaintiff was previously advised, an action involving multiple defendants and/or conduct spanning a period of time is not unusual and does not constitute exceptional circumstances in a prisoner civil rights action. Prisoner complaints often involve multiple defendants and assert allegations involving conduct spanning months or even years. And the fact inmate witnesses have transferred to other institutions or paroled, or that prison officials have transferred to another institution or retired, are not exceptional circumstances. Simply put, normal challenges faced by pro se litigants do not warrant appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *see also Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS, 2020 WL 5877832, at

*47 (denying request to appoint counsel where plaintiff claims need for "an attorney to be able to locate inmates that are no longer in RJD"); *Dickerson v. Adams*, No. 1:17-CV-121 (LJA-TQL), 2017 WL 11518001, at *1 (M.D. Ga. Aug. 9, 2017) (multiple defendants, credibility issues and plaintiff's limited mobility are not exceptional circumstances warranting the appointment of counsel); *Brittain v. Clemons*, No. 4:09CV-P123-M, 2010 WL 1257700, at *2 (W.D. Ky. Mar. 26, 2010) (incarceration, inability to afford counsel and suit involving multiple defendants are not exceptional circumstances warranting the appointment of counsel).

The test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional circumstances exist; once again, here, they do not.

### III. CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for an investigator (Doc. 41) is **DENIED**; and
2. Plaintiff's third motion for the appointment of counsel (Doc. 42) is **DENIED**.

IT IS SO ORDERED.

Dated: __March 27, 2024__                               _____
                                                        UNITED STATES MAGISTRATE JUDGE