UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>M. PORTILLO, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00457-KES-CDB (PC)<br><br>**ORDER REGARDING PLAINTIFF'S NOVEMBER 7, 2024, REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 53) |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on December 22, 2023. (Doc. 38.)

On February 22, 2024, the Court issued its Order Granting Plaintiff's Request to Extend Discovery and Scheduling Order Deadlines. (Doc. 40.)

On September 5, 2024, Plaintiff filed a document titled "Extension to Filing Deadlines Request" (Doc. 45), and on September 18, 2024, Plaintiff filed a document titled "Motion to Compel Discovery Pitches Motion" (Doc. 46). The following day, Plaintiff filed a document titled "Request for Extension to Filing Deadlines, Second Request." (Doc. 47)

The Court issued its Order Granting Plaintiff's Requests to Modify the Discovery and Scheduling Order on September 20, 2024. (Doc. 48.) Specifically, the deadline to complete

discovery was extended to November 22, 2024, and the deadline for the filing of dispositive motions was extended to January 31, 2025. (*Id*. at 2.)

On September 30, 2024, Plaintiff filed a document titled "Request for Relief of 25 Interrogatory Limit" (Doc. 49) and on October 7, 2024, he filed a document titled "Memorandum in Support of Subpoena" (Doc. 50), docketed by the Clerk of the Court as a motion for subpoena. Defendants have filed an opposition to the motion to compel and motion concerning the interrogatory limit. (Docs. 51 & 53.)

On November 7, 2024, Plaintiff filed a "Request to Extend Discovery and Scheduling Order Deadlines by (60) Sixty Days." (Doc. 53.)

The Court notes Plaintiff's motion to compel, motion concerning the interrogatory limit, and motion for subpoena, remain pending resolution on the undersigned's docket.

**II.     DISCUSSION**

*Plaintiff's Request to Extend Discovery Deadlines*

Plaintiff asserts he has been "actively engaging in the discovery process" and has drafted a reply to Defendants' opposition to his motion to compel but has been unable to "make the necessary copies" due to incidents at Salinas Valley State Prison, where he is presently housed, resulting in "shut down, delay" or cancellation of programs. (Doc. 53 at 1-2.) Plaintiff states he has sent the response to Defendants' opposition "to his family outside of prison" in an effort to have copies made and returned to him so that he may then serve the response. (*Id*. at 2.) Next, Plaintiff states he submitted a subpoena for the production of video evidence, directed to California State Prison-Corcoran Warden Tammy L. Campbell, "which was scheduled for October 26, 2024 at 10 a.m." (*Id*.) Plaintiff asserts Warden Campbell "never showed nor sent any reasoning or request to reschedule," nor has he "been given an opportunity to review the requested video evidence in the subpoena." (*Id*.) He states he "now has to research the appropriate response for failing to comply with a subpoena which adds to the massive amount of work being pushed upon Plaintiff to obtain the documents and video evidence Plaintiff is entitled to by law." (*Id*. at 2-3.) Plaintiff further states he is researching spoliation of evidence and "needs additional time." (*Id*. at 3.) Plaintiff also asserts he is preparing a response to Defendants' opposition to his

request concerning relief from the 25-interrogatory limit. (*Id*.) Plaintiff maintains that due to the legal research required for the above, "the inconsistency of access to legal library to obtain copies," and the applicable Federal Rules of Civil Procedure, "the current discovery deadline is not sufficient." (Doc. 53 at 3.) He asks the Court "to stay its ruling" on his motion to compel until it receives his reply. (*Id*.) Plaintiff asserts he "has received zero cooperation from Defendants or the Subpoena to obtain discovery Plaintiff has a legal right to …." (*Id*.) Plaintiff requests the Court modify the Discovery and Scheduling Order by extending the current deadlines by 60 days. (*Id*.)

### *Applicable Legal Standards*

District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), (b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties.[1] A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Although Rule 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who

---

[1] Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

requests it," a subpoena will not issue in a prisoner civil rights action until Plaintiff demonstrates to the Court that its issuance is appropriate as further detailed below.

A pro se plaintiff's ability to obtain a subpoena commanding the production of documents from a non-party is subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. The Court will only consider issuing a subpoena if the documents sought from the non-party are not otherwise available to a plaintiff and cannot be obtained from a defendant through a request for the production. *See* Fed. R. Civ. P. 34; *see*, *e.g.*, *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (quashing subpoena where party already had the information and/or the opportunity to obtain it). Further, a pro se plaintiff's request for a subpoena must identify with specificity the documents sought and from whom. *See* Fed. R. Civ. P. 45(a)(1); *see, e.g.*, *Jeffrey v. Bennge*, No. 1:06-cv-00752-OWW-SMS P, 2008 WL 4584786, at *1 (E.D. Cal. Oct. 14, 2008).

If a defendant objects to a plaintiff's discovery request, plaintiff must next file a motion to compel. Fed R. Civ. P. 37(a). Only if the Court rules that the documents are discoverable, but that defendant does not have care, custody, and control of them, may plaintiff then seek to subpoena a non-party. Additionally, as with all discovery requests, the plaintiff's right to subpoena information is limited by Rule 26(b); that is, he is only entitled to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court will not issue a subpoena for a non-party unless a plaintiff has followed the above procedure and the information that he seeks falls within the scope of 26(b).

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by a plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is

relevant to the party's claims or defenses, is not burdensome, and is not within a plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

*Analysis*

Here, the Court finds good cause to extend the deadlines for the completion of discovery and for the filing of dispositive motions due to Plaintiff's diligence and the ongoing limited ability to access the law library at his current institution. The Court will further extend the deadlines associated with Plaintiff's replies to Defendants' oppositions to the motions to compel and request to exceed the interrogatory limit.

The Court advises Plaintiff that it has not yet had the opportunity to rule on his motion to compel, request to exceed the interrogatory limit, or his filing of October 7, 2024, docketed as a motion for subpoena. This Court is one of the busiest district courts in the nation. At present, the undersigned presides over approximately 90 active prisoner civil rights cases in various states of litigation, and more than 300 other civil cases. Plaintiff's motions will be decided in due course and after they have been deemed submitted pursuant to Local Rule 230(*l*). This means a subpoena has not been issued by this Court for the video evidence Plaintiff presently seeks and therefore the warden[2] has not failed to comply with any subpoena. As noted above, Plaintiff must comply with the applicable procedure for obtaining a subpoena; the Court will address whether Plaintiff has done so in due course.

**III.    CONCLUSION AND ORDER**

Accordingly, for good cause shown, the Court **ORDERS** as follows:

1. Plaintiff's request to extend certain discovery deadlines (Doc. 53) is **GRANTED**;
2. The Discovery and Scheduling Order is **MODIFIED** as follows:
    a. The deadline the completion of discovery is extended from November 22, 2024, to Tuesday, **January 21, 2025**; and
    b. The dispositive motion filing deadline is extended from January 31, 2025, to Tuesday, **April 1, 2025**; and

---

[2] California State Prison-Corcoran Warden Tammy L. Campbell is not a party to this action.

3. The Court extends the deadline, associated with Local Rule 230(*l*), for a reply to an opposition to a motion. Plaintiff **SHALL** file any replies to Defendants' oppositions to his motion to compel and motion concerning interrogatory limits **no later than December 3, 2024**. No further extension of time for replies will be entertained.

IT IS SO ORDERED.

Dated:   **November 13, 2024**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE