UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BRANDON DAVIS,

Plaintiff,

v.

M. PORTILLO, et al.,

Defendants.

Case No.: 1:22-cv-00457-KES-CDB (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

(Doc. 46)

**ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL INTERROGATORIES**

(Doc. 49)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUBPOENA**

(Doc. 50)

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On September 18, 2024, Plaintiff filed a document titled "Motion to Compel Discovery Pitches Motion." (Doc. 46.) Defendants filed an opposition (Doc. 51) and Plaintiff replied (Doc. 55).

On September 30, 2024, Plaintiff filed a document titled "Request for Relief of 25 Interrogatory Limit." (Doc. 49.) Defendants opposed. (Doc. 52.)

1    On October 7, 2024, Plaintiff filed a document titled "Memorandum in Support of

2    Subpoena." (Doc. 50.)

3    **II.    DISCUSSION**

4    *Plaintiff's Motion to Compel (Doc. 46)*

5    <u>The Parties' Briefing</u>

6    Plaintiff states that on September 3, 2024, Defendants responded to his first request for

7    production of documents by objecting "on the grounds the request is overly broad and irrelevant

8    to the case." Plaintiff sought copies of Defendants' "personnel and employee files, as well as

9    copies of any and all complaints made against Defendants individually by an inmate, civilian,

10   and/or correctional employee or third party representative." Plaintiff argues his request is not

11   burdensome, oppressive, or harassing and that if Defendants Portillo and Molina have truthfully

12   answered interrogatories, any such request should not be burdensome or oppressive. Plaintiff

13   states he "has knowledge, belief the Defendants previously received complaints against them for

14   being confrontational, using excessive force, due process violations, harassment, and retaliation."

15   He maintains that because Defendants have access to Plaintiff's central file and disciplinary

16   records, the "same courtesy" should be extended to him.

17   Plaintiff contends Defendants' objection on the basis that investigative techniques and

18   procedures would be revealed if required to produce the requested documents is "unjustified and

19   attempt to delay the discovery process." He states he is not requesting information "such as

20   procedures of investigation or names of any third party witness, Plaintiff is requesting copies of

21   the complaints themselves." Plaintiff asserts any confidential information can be redacted.

22   Plaintiff asserts he is entitled to the requested discovery "since past conduct is relevant to

23   punitive damages" and the information "will show prior acts of similar nature to this case alleged

24   against the Defendants." He maintains his "requests are lawful, not improperly motivated, and not

25   unreasonably burdensome or expensive."

26   Plaintiff states he seeks the following: (1) "Any and all complaints filed against Defendant

27   M. Portillo including within his personnel and employee files;" (2) "Any and all complaints filed

28   against Defendant Molina including within his personnel and employee files;" (3) Any and all

2

complaints filed against Defendant Lt. Brown including within his personnel and employee files."

Defendants oppose Plaintiff's motion. Defendants objected to Plaintiff's request for production of complaints of misconduct because the requests "are overly broad, seek documents that are not relevant to any element of a claim or defense in this case, and are not proportional to the needs of the case." Defendants state they "did identify and produce the relevant grievances that pertain to the allegations in this case."

Defendants argue Plaintiff's "request for any and all complaints filed against Defendants, by any person, about any subject, from any time period or location" should be denied. They contend Plaintiff's assertion that his requests are needed to show patterns of misconduct or prior acts of a similar nature "makes clear he intends to use the documents for the improper purpose of arguing propensity." Defendant maintain Plaintiff has failed to show relevancy and how the information he seeks would lead to the discovery of admissible evidence.

In reply, Plaintiff contends "Defendants falsely argue that Plaintiff specifically argues/seeks the requests documents for the prohibited purposes of showing propensity" and character evidence. Plaintiff asserts Defendants' argument concerning the confidentiality concerns are contradictory because "they have already provided some of the complaints filed by Plaintiff" with no such concern. Plaintiff argues Defendants' relevancy objections are an "attempt to dictate which documents are relevant to his case or not" and maintains his requests are relevant. Plaintiff cites to another action filed in this Court in support of his claim the discovery he seeks is relevant. He contends Defendants' concern that his requests are not limited regarding subject matter, circumstances, time period and the like are objectionable because "civil rights violations in prison against prisoners can happen at any time in any place within the prison facility." Plaintiff contends he does not intend to waste the Court's time "with senseless objections or failure to comply with Federal Rules of Evidence, with admissible character evidence, as Defendants would have the Court believe."

Plaintiff contends he "did not request every document within the Defendants' personnel or employee files, rather the request was made with specificity to complaints against the Defendants within their individual personnel and employee files, so that alleviates at least 90% of the

1   documents in their respective files." Moreover, Plaintiff argues Defendants "have failed to

2   produce a privilege log or object with the requisite specificity," thus waiving confidentiality and

3   privilege.

4          Plaintiff's reply includes nine exhibits in support of his motion to compel.

5                              The Applicable Legal Standards

6          The Court has broad authority to manage its docket and control discovery. *See, e.g*.,

7   *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

8   2002) ("broad discretion is vested in the trial court to permit or deny discovery").

9          A motion to compel is appropriate where a party fails to produce relevant, non-privileged

10  documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). If a party, in response to a

11  request for production under Rule 34, fails to produce or permit inspection, the discovering party

12  may move for an order compelling production. *Id*. An evasive or incomplete answer or response

13  to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P

14  37(a)(4). The party seeking the motion to compel discovery has the burden of informing the court

15  why the defendants' objections are not justified or why the defendants' responses are deficient.

16         Generally, if a responding party objects to a discovery request, the party moving to

17  compel bears the burden of demonstrating that the objections are unjustified. *See, e.g*., *Grabek v.

18  Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

19  *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21,

20  2011). This requires the moving party to inform the court which discovery requests are the

21  subject of the motion to compel, and, for each disputed response, why the information sought is

22  relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL

23  6703958, at *3. The opposing party is "required to carry a heavy burden of showing why

24  discovery was denied." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).

25         Relevant information encompasses "any matter that bears on, or that reasonably could

26  lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer

27  Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and

28  clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id*. at

4

350–51. "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

<u>Analysis</u>

Significantly, the Court notes Plaintiff has failed to provide the Court with copies of the discovery he propounded to Defendants and Defendants' responses thereto.

As Plaintiff was advised in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issue April 19, 2022, "If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response *and in that case must include a copy of the discovery propounded and the response to it.*" (Doc. 5 at 4, italics added.) That order further provides that "[a] discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." (*Id*. at 5.)

Here, Plaintiff has failed to provide a copy or copies of the discovery he allegedly propounded and the response or responses by Defendants to that discovery. While Plaintiff's motion clearly pertains to certain personnel records, the Court will not consider Plaintiff's motion in the absence of access and review of the specific language used in the request or requests. *See, e.g*., *Martinez v. Lawhorn*, No. 1:21-cv-01602-JLT-CDB (PC), 2024 WL 774949, at *2-3 (E.D. Cal. Feb. 26, 2024) (denying motion to compel where plaintiff failed to provide copies of earlier requests for production of documents and copies of defendants' responses to his third request for production of documents); *Garbarini v. Ulit*, No. 1:14-cv-01058-AWI-SAB (PC), 2016 WL 4474597, at *2 (E.D. Cal. Aug. 24, 2016) ("Plaintiff's motion is procedurally defective because he failed to attach the discovery requests at issue or the Defendants' responses which he contends are inadequate."). Simply put, Plaintiff's motion is procedurally defective and will be denied. Plaintiff may resubmit his motion for this Court's consideration assuming he corrects the deficiencies identified herein.

***Plaintiff's Request to Exceed the Interrogatory Limit (Doc. 49)***

<u>The Parties' Briefing</u>

Plaintiff contends his "options for discovery" are "are very limited due to his current state

5

1    of incarceration." He argues Defendants "have the advantage in two major ways," noting the "45

2    days response time" and that Rule 33 allows Defendants "and their lawyers the opportunity to

3    formulate answers that best serve their interests." Plaintiff states he was not aware of the

4    interrogatory limit "meaning 25 questions per party was all [that's] permitted without leave of

5    court." He contends that due to the 45 days allowed for a response, he did "not have the benefit of

6    asking Defendants questions in response to their answers" and "cannot go 'back and forth'" in a

7    timely manner. Plaintiff asks the Court to grant him relief from the 25 interrogatory limit.

8            Defendants argue Plaintiff has failed to establish good cause to serve additional

9    interrogatories. He does not specify the number of additional interrogatories he seeks, nor does he

10   explain their proposed content. Defendants maintain Plaintiff's dissatisfaction with their

11   responses to his interrogatories does not establish good cause for his request. Further, they

12   contend his assertion that the 45-day response time prohibits him from asking follow up questions

13   is unavailing because he has had ample time to conduct discovery, including follow up questions.

14   Defendants assert Plaintiff has not identified the number, nature, content, or scope of the

15   proposed additional interrogatories, or explained why his previous interrogatories or Defendants'

16   responses thereto were insufficient.

17                              The Applicable Legal Standards

18           Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to 25 per party,

19   including discrete subparts, but the Court may grant leave to serve additional interrogatories to

20   the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed

21   discovery, but to provide judicial scrutiny before parties make potentially excessive use of this

22   discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger

23   number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R.

24   Civ. P. 33.

25           While, ordinarily, a party requesting additional interrogatories must make a

26   "particularized showing" as to why additional discovery is necessary, a party proceeding pro se is

27   held to a somewhat lesser standard and need only show "good cause." *See McClellan v. Kern*

28   *Cnty. Sheriff's Office*, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept.

1   29, 2015) (citing Fed. R. Civ. P. 26(b)(1)); *Cantu v. Garcia*, No. 1:09-cv-00177 AWI DLB PC,

2   2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013) (same); *Eichler v. Tilton*, No. CIV S–06–2894

3   JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010)) (same). An incarcerated party's

4   limited ability to conduct a deposition in prison may contribute to a finding of good cause to file

5   additional interrogatories. *See Brown v. Chothia*, No. 1:19-cv-00352-EPG (PC), 2020 WL

6   6060682, at *1 (E.D. Cal. Oct. 14, 2020); *McNeil v. Hayes,* No. 1:10-cv-01746-AWI-SKO (PC),

7   2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014).

8      Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the

9   court shall grant leave if it is consistent with Rule 26(b)(2). Rule 26 states that the court must

10  limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:

11  

12      (i) the discovery sought is unreasonably cumulative or duplicative,
        or can be obtained from some other source that is more convenient,
        less burdensome, or less expensive;

13      (ii) the party seeking discovery has had ample opportunity to obtain
        the information by discovery in the action; or

14  

15      (iii) the proposed discovery is outside the scope permitted by Rule
        26(b)(1).

16  Fed. R. Civ. P. 26 (b)(2)(C).

17                                    <u>Analysis</u>

18      Initially, the Court notes while Plaintiff seeks relief from the interrogatory limit imposed

19  by Rule 33, he fails to indicate how many interrogatories he has already served on each

20  Defendant, nor does he indicate how many additional interrogatories he believes are necessary.

21  Thus, Plaintiff has failed to show good cause for additional interrogatories.

22      Other than stating additional interrogatories are necessary to follow up on the answers

23  already provided by Defendants, the Court is left without any understanding of how many

24  interrogatories Plaintiff has already propounded to Defendants—meaning the Court is unaware

25  whether Plaintiff's previous requests met the 25-interrogatory limit or if some number remain

26  against that limit. Nor does Plaintiff explain what additional information he would seek with

27  additional interrogatories. Without any indication of what information Plaintiff originally sought,

28  or any indication of what information he would seek were he permitted additional interrogatories,

the Court cannot assess whether that information "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Nor can it determine whether "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c)(iii).

This Court's Discovery and Scheduling Order issued on December 22, 2023.  The original discovery deadline of August 22, 2024 (Doc. 38) was extended to September 23, 2024 (Doc. 40) and later to November 22, 2024 (Doc. 48) at Plaintiff's requests.  As such, it appears Plaintiff has had ample time within which to complete discovery and ample time within which to assess whether additional interrogatories were necessary. *See* Fed. R. Civ. P. 26(b)(2)(c)(ii). But again, the Plaintiff's motion handicaps the Court in this regard because it lacks relevant information to inform the Court's analysis, i.e., the number of interrogatories originally propounded to each Defendant and a showing of good cause concerning Plaintiff's asserted need for additional interrogatories. *McClellan*, 2015 WL 5732242, at *1. *Cf. Forster v. Clendenin*, No. 1:22-cv-1191-NODJ-CDB (PC), 2024 WL 2786772, at *2-10 (E.D. Cal. May 30, 2024) (granting plaintiff's motion in part for leave to propound additional interrogatories).

For the reasons given above, Plaintiff's motion seeking leave to propound additional interrogatories will be denied. Plaintiff may resubmit his motion for this Court's consideration assuming he corrects the deficiencies identified herein.

### *Plaintiff's Motion for a Subpoena (Doc. 50)*

#### The Parties' Briefing

Plaintiff requests this Court "issue a subpoena to compel the discovery of video evidence of California State Prison-Corcoran Warden Tammy L. Campbell." He asserts the video evidence "is crucial to proving" his claims and is "relevant to the specific time frames surrounding the various civil rights violations" alleged in his first amended complaint. He contends "Defendants are not cooperating with" his discovery requests "despite the courts prior rulings granting inspecting, copies of prior complaints against correctional officers similar in nature to the claims" in this case. He maintains Defendants' "objection to produce any documents concerning prior misconduct this subpoena is therefore necessary to gather evidence vital in this civil rights

action." Plaintiff cites to the *Armstrong v. Newsom* litigation pending in the Northern District of California, stating all correctional officers are required to wear body worn cameras (BWC) when interacting with *Armstrong* class members. Next, Plaintiff states he is proceeding in forma pauperis, is presently incarcerated at Salinas Valley State Prison, and is unable to "physically or financially serve the subpoena or pay service for delivery of the subpoena."

In the handwritten subpoena attached to Plaintiff's motion, Plaintiff identifies the following dates, times, and locations concerning the video evidence he seeks:

1. May 27, 2021, CTC Facility, from 8:00 a.m. to 11:00 a.m.
2. May 27, 2021, Facility 4A, Building 4, from 8:00 a.m. to 11:00 a.m.
3. September 11, 2021, Correctional Officer Camacho's BWC from 9:00 a.m. to 10:00 a.m.
4. September 27, 2021, Defendant Portillo's BWC from 2:00 p.m. to 10:00 p.m.
5. September 30, 2021, Defendant Portillo's BWC from 2:00 p.m. to 10:00 p.m.
6. October 1, 2021, Defendant Portillo's BWC from 1:30 p.m. to 2:15 p.m.
7. October 1, 2021, Defendant Portillo's BWC from 2:30 p.m. to 3:15 p.m.
8. October 2, 2021, Correctional Officer Guerrola's BWC from 5:30 p.m. to 6:00 p.m.
9. October 2, 2021, Defendant Portillo's BWC from 5:30 p.m. to 6:00 p.m.
10. October 2, 2021, Sergeant Encinas' BWC from 6:00 p.m. to 9:00 p.m.
11. October 3, 2021, Sergeant Hamilton's BWC from 7:00 a.m. to 9:00 a.m.
12. October 30, 2021, Defendant Portillo's BWC from 6:00 a.m. to 2:00 p.m.
13. October 31, 2021, Defendant Portillo's BWC from 6:35 a.m. to 6:40 a.m.
14. November 4, 2021, Defendant Portillo's BWC from 8:00 a.m. to 9:00 a.m.

Defendants did not file either an opposition or statement of non-opposition to Plaintiff's motion for subpoena and the time to do so has passed.

<u>The Applicable Legal Standards</u>

Federal Rule of Civil Procedure 45[1] governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Although Rule 45(a)(3) provides that

---

[1] Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

1   "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it,"

2   sufficient information must be provided for the Court to grant such a request.

3         Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

4             Parties may obtain discovery regarding any nonprivileged matter that
is relevant to any party's claim or defense and proportional to the
5             needs of the case, considering the importance of the issues at stake
in the action, the amount in controversy, the parties' relative access
6             to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense
7             of the proposed discovery outweighs its likely benefit. Information
within this scope of discovery need not be admissible in evidence to
8             be discoverable.

9   Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to

10   issue a Rule 45 subpoena to a properly identified non-party to discover information that is

11   relevant to the party's claims or defenses, is not burdensome, and is not within Plaintiff's

12   reasonable access, upon a sufficient showing of the importance of the information.

13   <u>Analysis</u>

14         Plaintiff seeks a subpoena directing non-party Tammy Campbell at California State

15   Prison, Corcoran, to produce certain "video evidence." Although Plaintiff does not reference any

16   specific rule found in the Federal Rules of Civil Procedure, the Court construes his request to

17   arise under Federal Rule of Civil Procedure 45.

18         As indicated above, Plaintiff seeks fourteen separate video footage excerpts, identified

19   primarily by date and time.

20         Following a review of Plaintiff's first amended complaint and its factual assertions, the

21   Court has determined the following video evidence among Plaintiff's requested excerpts may be

22   relevant to Plaintiff's claims:

23       A. May 27, 2021, CTC Facility, from 8:00 a.m. to 11:00 a.m.
    B. May 27, 2021, Facility 4A, Building 4, from 8:00 a.m. to 11:00 a.m.
24       C. October 1, 2021, Defendant Portillo's BWC from 1:30 p.m. to 2:15 p.m.
    D. October 1, 2021, Defendant Portillo's BWC from 2:30 p.m. to 3:15 p.m.
25       E. October 2, 2021, Correctional Officer Guerrola's BWC from 5:30 p.m. to 6:00 p.m.
    F. October 2, 2021, Defendant Portillo's BWC from 5:30 p.m. to 6:00 p.m.
26       G. October 30, 2021, Defendant Portillo's BWC from 8:00 a.m. to 10:00 a.m.
27       H. November 4, 2021, Defendant Portillo's BWC from 8:00 a.m. to 9:00 a.m.

28   Those video excerpts omitted from Plaintiff's original list were excluded because the excerpt was

1   not relevant to Plaintiff's claims, and/or there were no factual assertions relevant or related to the

2   requested excerpt, and/or the requested excerpt was disproportional to the needs of this action. By

3   way of example, Plaintiff's request for a video excerpt from October 31, 2021, in unsupported by

4   any factual assertion. And Plaintiff's request for eight hours of video footage on September 30,

5   2021, is vastly disproportional to the needs of the case where the factual allegations assert Portillo

6   came to Plaintiff's cell door regarding a medical appointment on that date, but Plaintiff provided

7   no time frame whatsoever. It would be burdensome to require the production of eight hours of

8   video footage where it would appear any interaction on that date was brief and could have been

9   pled with more particularity, even if only to identify whether the interaction occurred in the

10   morning or afternoon.

11        In sum, the video evidence listed above in A through H appears relevant to Plaintiff's

12   claims, is not burdensome, and is not within Plaintiff's reasonable access.

13        The Court will direct the Clerk of the Court to issue a subpoena to Tammy Campbell,

14   Warden at California State Prison, Corcoran, to produce the video evidence identified in the list

15   above. Service of the subpoena will be made through the United State Marshal.[2] [3]

16   **III.     CONCLUSION AND ORDER**

17        For the reasons given above, **IT IS HEREBY ORDERED** that:

18        1.  Plaintiff's motion to compel (Doc. 46) is **DENIED**;

19        2.  Plaintiff's request to exceed the interrogatory limit (Doc. 49) is **DENIED**; and

20        3.  Plaintiff's motion for a subpoena (Doc. 50) is **GRANTED in part and DENIED in**

21            **part**.

22        4.  The Clerk of the Court shall issue a subpoena to Tammy Campbell, Warden,

---

[2] *See James v. Scribner*, No. 1:04-CV-5878 LJO DLB P, 2008 WL 3318879, at *1 (E.D. Cal. Aug. 11, 2008) ("As plaintiff is proceeding pro se and in forma pauperis, he is entitled to service of the subpoena by the United States Marshal [pursuant to 28 U.S.C. § 1915(d)]").

[3] The Court notes it is unclear how Plaintiff would view any video evidence. *See, e.g.*, *Linarez-Rodriguez v. Rayome*, No. 2:22-cv-1682 KJM CSK P, 2024 WL 3446545, at *3 (E.D. Cal. July 17, 2024) ("because plaintiff is incarcerated, it is unclear how plaintiff would listen to audio or view video footage. Jail inmates are generally not permitted to have video equipment in their cells. Thus, even if plaintiff could retain a DVD in his cell, it is unlikely he could listen to it or watch it in his cell. Instead, special arrangements would need to be made with jail staff to allow plaintiff to listen to audio and/or watch video in a secure area").

California State Prison-Corcoran for production of the following video footage:

    a.   May 27, 2021, CTC Facility, from 8:00 a.m. to 11:00 a.m.

    b.   May 27, 2021, Facility 4A, Building 4, from 8:00 a.m. to 11:00 a.m.

    c.   October 1, 2021, Defendant Portillo's BWC from 1:30 p.m. to 2:15 p.m.

    d.   October 1, 2021, Defendant Portillo's BWC from 2:30 p.m. to 3:15 p.m.

    e.   October 2, 2021, Correctional Officer Guerrola's BWC from 5:30 p.m. to 6:00 p.m.

    f.   October 2, 2021, Defendant Portillo's BWC from 5:30 p.m. to 6:00 p.m.

    g.   October 30, 2021, Defendant Portillo's BWC from 8:00 a.m. to 10:00 a.m.

    h.   November 4, 2021, Defendant Portillo's BWC from 8:00 a.m. to 9:00 a.m.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

UNITED STATES MAGISTRATE JUDGE

12