UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PORTILLO, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00457-KES-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR TEMPORARY STAY**<br><br>(Doc. 58) |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

### I.    INTRODUCTION

On December 16, 2024, Plaintiff filed a document titled "Request temporary STAY in case." (Doc. 58.) Defendants did not file a response to Plaintiff's request.

### II.    DISCUSSION

Plaintiff seeks a temporary stay of the proceedings, indicating he suffered a serious injury on November 14, 2024, including fractures of the scaphoid bone in his left hand and the radial head in his right arm. (Doc. 58 at 2.) Plaintiff has a hard cast on his left hand and wrist and is left-handed. (*Id.*) He is unable to write legibly,[1] and does not have access to a typewriter, laptop or printer. (*Id.*) Plaintiff states a stay is necessary "to allow the fractured bones the necessary time to

---
[1] Plaintiff states his request was prepared by a third party.

heal." (*Id.*) Next, Plaintiff states that when he "paroles from Salinas Valley State Prison, he shall keep the defendants and the court informed of his changed of address as is required, including the updated status of current injuries." (*Id.* at 3.) Plaintiff requests the Court issue a stay "for 90 days minimum," that it "lift the December 3, 2024 deadline to file response to defendants opposition to request for relief from 25 interrogatory limit,"[2] and "Order CDCR put hold on destroying or deleting any potential video evidence from their respective data bases." (*Id.* at 5.) Plaintiff's request is supported by several exhibits evidencing his injuries. (*Id.* at 6-15.)

The Court finds good cause for a temporary stay of these proceedings. This action will be stayed for a period of 120 days to ensure sufficient time for Plaintiff's recovery. Further, the Court will vacate the Discovery and Scheduling Order issued December 23, 2023, and will reissue a scheduling order once the stay of this action is lifted. To the extent Plaintiff seeks an order directing the California Department of Corrections and Rehabilitation (CDCR)[3] to avoid taking any action to destroy or delete video evidence, the request is outside the scope of the temporary stay Plaintiff seeks herein and is denied on that basis.

### III.     CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Plaintiff's request for a temporary stay (Doc. 58) is **GRANTED**;
2. This action is **STAYED** for **120 days** from the date of service of this order; and

//
//
//
//
//

---

[2] The Court issued its Order Denying Plaintiff's Motion to Compel, Order Denying Plaintiff's Motion for Additional Interrogatories, and Order Granting in Part and Denying in Part Plaintiff's Motion for Subpoena (Doc. 56) on December 6, 2024. Although Plaintiff's request was filed December 16, 2024, it was dated and served December 9, 2024 (Doc. 58 at 5, 16), making it unlikely Plaintiff had received the Court's order resolving his discovery motions.

[3] The Court also notes that the CDCR is not a party to this action. *See, e.g.*, *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court"); *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

3. The Discovery and Scheduling Order issued December 22, 2023 (Doc. 38) is **VACATED**. The Court will reissue a scheduling order for this action once the stay of these proceedings has been lifted.

IT IS SO ORDERED.

Dated: **January 10, 2025**

_____
UNITED STATES MAGISTRATE JUDGE