UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRANDON DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>M. PORTILLO, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00457-KES-CDB (PC)<br><br>**ORDER LIFTING TEMPORARY STAY**<br><br>(Doc. 59)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Christopher Brandon Davis is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On January 10, 2025, the Court issued its Order Granting Plaintiff's Request for Temporary Stay. (Doc. 59.) More particularly, this action was stayed for 120 days and the Discovery and Scheduling Order previously issued was vacated. (*Id*. at 2-3.) Plaintiff was served with a copy of the order to his address of record: Christopher Brandon Davis, AN-4950, Salinas Valley State Prison, P.O. Box 1050, Soledad, CA 93960-1050. Nevertheless, the Court's order was returned by the United States Postal Service marked "Undeliverable," "Return to Sender," "Refused," "Unable to Forward," and "Paroled" on February 21, 2025.

## II. DISCUSSION

Initially, because more than 120 days have elapsed since the Court issued its January 10, 2025, order staying these proceedings temporarily, the stay will be lifted. Next, the Court considers Plaintiff's failure to keep the Court apprised of his current address.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

1    policy favoring disposition of cases on their merits; and (5) the availability of less drastic
2    sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &
3    citation omitted). These factors guide a court in deciding what to do and are not conditions that
4    must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
5    *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. As noted above, according to the Court's docket, Plaintiff's address of record is "Salinas Valley State Prison, P.O. Box 1050, Soledad, CA 93960-1050." All orders issued by the Court since November 28, 2022,[1] has been served at that address. On February 21, 2025, mail was returned to the Court marked "Undeliverable," "Return to Sender," "Refused," "Unable to Forward," and "Paroled." Because Plaintiff has failed keep the Court apprised of his current address, this action is subject to dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have appeared in the action and participated in discovery prior to the temporary stay of these proceedings. (*See* Docs. 32, 38, 56.) However, these proceedings are now at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least February 21, 2025, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

---

[1] On that date, Plaintiff filed a Notice of Change of Address with the Court. (*See* Doc. 18.)

3

1    The fourth factor usually weighs against dismissal because public policy favors
2    disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
3    "this factor lends little support to a party whose responsibility it is to move a case toward
4    disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
5    F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his
6    responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether
7    and has failed to comply with this Court's Local Rules. Therefore, the fourth factor — the public
8    policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*,
9    856 F.2d at 1440.

10    Finally, the Court's warning to a party that failure to obey the court's orders will result in
11    dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
12    Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued April
13    19, 2022, Plaintiff was advised as follows: "In litigating this action, the parties must comply with
14    this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the
15    United States District Court, Eastern District of California ("Local Rules"), as modified by this
16    Order. Failure to so comply will be grounds for imposition of sanctions which may include
17    dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That Order further
18    advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's
19    correct current address. Local Rule 182(f). If a party moves to a different address without filing
20    and serving a notice of change of address, documents served at a party's old address of record
21    shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at
22    the address of record is returned by the United States Postal Service as undeliverable, the order
23    will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's
24    address is not updated within sixty-three days of mail being returned as undeliverable, the case
25    will be dismissed for failure to prosecute." (*Id*. at 5.)[2] Significantly too, the Court notes that

---

[2] Although the Local Rules now provide that a change of address must be filed within 30 days rather than 63 days, the timing is not relevant here. Eighty (80) days have elapsed since the Court's most recent order was returned marked undeliverable by the postal service. Therefore, Plaintiff has failed to comply with either version of Local Rule 183(b).

4

Plaintiff recognized his obligation to keep the Court advised of his current address in his request for a temporary stay filed on December 16, 2024. (*See* Doc. 58 at 4 ["When Plaintiff paroles from Salinas Valley State Prison, he shall keep the defendants and the court informed of his change of address as is required …."].) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules and/or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

### III.     CONCLUSION, ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** that the temporary 120-day stay of these proceedings (Doc. 59) is **LIFTED**.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result

1  in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

2  IT IS SO ORDERED.

3  Dated: __May 12, 2025__

4  UNITED STATES MAGISTRATE JUDGE

6